OPINION
{¶ 1} Defendant-appellant Bryan Edmonds appeals his sentence from the Licking County Court of Common Pleas on two counts of unlawful sexual conduct with a minor. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 15, 2004, the Licking County Grand Jury indicted appellant on two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(3), felonies of the third degree. While one of appellant's two victims was 14 years old, the other was 15 years of age.[1] At his arraignment on November 1, 2004, appellant entered not guilty pleas to both charges.
 {¶ 3} Thereafter, on February 7, 2005, appellant withdrew his former not guilty pleas and pled guilty to both charges. Pursuant to a Judgment Entry filed on February 14, 2005, appellant was sentenced to a prison term of one year on each count. The trial court ordered that the sentences run consecutively, for an aggregate sentence of two years in prison.
 {¶ 4} Appellant now raises the following assignment of error on appeal:
 {¶ 5} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES HEREIN."
 I {¶ 6} Appellant, in his sole assignment of error, argues that the trial court erred in sentencing him to consecutive sentences. Appellant specifically contends that the trial court, in imposing consecutive sentences, did not make the necessary findings and did not give sufficient reasons for imposing the same. We agree.
 {¶ 7} In State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.793 N.E.2d 473, the Ohio Supreme Court discussed consecutive sentences and stated:
 {¶ 8} "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C. 2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. . . . Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. . . . Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." Id. at Paragraph 13. (Emphasis added).
 {¶ 9} The factors contained in R.C. 2929.14(E)(4)(a) through (c) are as follows:
 {¶ 10} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 11} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 13} The Comer Court concluded that, "[p]ursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer
at paragraph one of the syllabus.
 {¶ 14} At the sentencing hearing in this matter, the trial court stated as follows on the record in sentencing appellant to consecutive sentences:
 {¶ 15} "THE COURT: Seven days credit would be given in Count 1. Counts 1 and 2 shall run consecutive, the Court finding in this case that it is necessary to protect the public, punish the defendant. Sentence is not disproportionate to the conduct of the defendant; that the Court determines that the harm in this case is so great that a single term would not adequately reflect the seriousness of the offense unless there were consecutive sentences, the Court specifically noting again that there are two separate incidences and the age differential between the defendant and the victims." Transcript of February 14, 2005, hearing at 6.
 {¶ 16} Clearly, the trial court failed to find on the record "that consecutive sentences are not disproportionate . . . to the danger the offender poses to the public." Furthermore, the trial court failed to give its reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c).
 {¶ 17} Appellant's first assignment of error is, therefore, sustained.
 {¶ 18} Accordingly, the judgment of the Licking County Court of Common Pleas is reversed. The sentence imposed by the trial court is vacated and this matter is remanded to the trial court for resentencing.
Edwards, J., Gwin, P.J. concurs Hoffman, J. concurs separately
[1] At the time, appellant was 28 years old.